UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| RONALD B. SPEER, ADMINISTRATOR OF THE ESTATE OF CAROLE SPEER, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 4:09-cv-60-SEB-WGH |
| WELLSTONE REGIONAL HOSPITAL, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND TO DISMISS**

This cause is before the Court on Defendant's Motion for More Definite Statement and to Dismiss [Docket No. 9], filed on June 11, 2009, pursuant to Rules 12(e) and 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff, Ronald B. Speer, Administrator of the Estate of Carole Speer, brings this claim against Defendant, Wellstone Regional Hospital Acquisition, LLC ("Wellstone"), incorrectly identified in the Complaint as Wellstone Regional Hospital, LLC, alleging breach of fiduciary duty and negligence claims relating to Wellstone's processing of Carol Speer's application for employee benefits.  Wellstone maintains that it is unclear from the Complaint whether Plaintiff's claims are based on state or federal law, but if based on state law, they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  For the reasons detailed below, we DENY AS MOOT Defendant's

Motion for More Definite Statement and <u>DENY</u> Defendant's Motion to Dismiss.

**Factual Background**

Carole Ann Speer was an employee of Wellstone at the time of her death in June 2007. On November 6, 2006, Ms. Speer had begun the enrollment process in a group optional term life insurance plan through Guardian Life Insurance Company ("the Plan") in the amount of $100,000.00. The Plan is an ERISA plan. From November 2006 through June 2007, Ms. Speer paid, through payroll deduction, the monthly premium for the Plan. However, proof of insurability was never submitted to Guardian in connection with Ms. Speer's enrollment, and thus, she never became a participant in the Plan.

Following Ms. Speer's death, her estate made a claim with Guardian for life insurance in the amount of $100,000. On November 28, 2007, Guardian denied the claim, citing the fact that Ms. Speer was not a participant in the Plan because her proof of insurability had not been submitted with her enrollment. Plaintiff contends that Wellstone "served as a fiduciary" to Ms. Speer "for purposes of processing applications for employee benefits, including but not limited to, determining eligibility for group optional term life insurance benefits and collecting premiums for said policy." Compl. ¶ 5. According to Plaintiff, prior to her death, Wellstone failed to advise Ms. Speer that she needed to submit proof of insurability or take any further steps to effectuate the coverage she sought and paid for.

On May 6, 2009, Plaintiff filed this action, invoking the diversity jurisdiction of

this Court, and alleging claims for breach of fiduciary duty and negligence.

## Legal Analysis

**I.     Motion for More Definite Statement**

Federal notice pleading requires that a plaintiff set forth a "short and plain statement of the claim," Fed. R. Civ. Pro. 8(a), to provide the defendant with fair notice. Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement before filing an answer if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The motion must point out the specific defects complained of and the details desired. Id.

Defendant contends that it is entitled to relief under Rule 12(e) because the Complaint does not identify the law upon which Plaintiff's breach of fiduciary duty claim is based, so it is unclear whether Plaintiff is asserting a state law claim or a claim under ERISA. According to Defendant, this distinction significantly impacts the type and amount of damages available and the future administration of this case. Defendant maintains that, under well-settled law, Plaintiff's breach of fiduciary duty claim as well as Plaintiff's negligence claim are subject either to complete or conflict preemption by ERISA, and, thus, Defendant requests that the Court require Plaintiff to file an amended complaint properly pled under ERISA. In his brief in opposition to this motion, Plaintiff clarifies that he is bringing state common law breach of fiduciary duty and negligence claims. Plaintiff argues that these claims are not preempted by ERISA because, due to the

lack of proof of insurability, Ms. Speer never actually became a participant in the Plan, and therefore she is not seeking remedies afforded under the Plan. Because Plaintiff has clarified that his claim for breach of fiduciary duty was brought as a state common law claim pursuant to the Court's diversity jurisdiction, Defendant's motion for a more definite statement is <u>DENIED AS MOOT</u>.

### II.     Motion to Dismiss

Defendant also moves to dismiss Plaintiff's negligence claim, arguing that both the negligence claim and Plaintiff's breach of fiduciary duty claim are based on the same alleged wrongdoing, to wit, Defendant's failure to inform Ms. Speer that she needed to submit proof of insurability to be eligible under the Plan, and that those claims are both preempted by ERISA. Defendant contends that Plaintiff's negligence claim should be dismissed because it does not provide a separate basis for liability under ERISA.

The ERISA preemption provision, 29 U.S.C. § 1144(a), states: "Except as provided in subsection (b) of this section, the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." A state law cause of action will be preempted by ERISA if: (1) the plan at issue is an 'employee benefit plan' and (2) the cause of action 'relates to' an employee benefit plan. There is no dispute that the Guardian life insurance plan is an "employee benefit plan." The Supreme Court has established that a state cause of action "relates to" an employee benefit plan "if it has a connection with or reference to such a

plan." Ingersoll-Rand, Co. v. McClendon, 498 U.S. 133, 139 (1990).  A state law claim is expressly preempted by ERISA when "a plaintiff, in order to prevail, must prove the existence of, or specific terms of, an ERISA plan."  Id. at 140.  Second, a state law claim is preempted if it "conflicts directly with an ERISA cause of action."  Id. at 142.

Plaintiff's state law claims meet the first test for ERISA preemption.  The underlying theme of the Plaintiff's claims is that Wellstone, through its own wrongful conduct, failed to obtain the promised life insurance and, therefore, the estate is entitled to the benefits Ms. Speer would have received under the Plan.  Under this theory, to the extent that the estate's negligence and breach of fiduciary duty claims relate to Wellstone's alleged failure to perform duties under the Plan, the estate must prove the terms of the Plan.  Plaintiff's state law causes of action thus "relate to" an employee benefit plan and are therefore preempted under § 1144(a).  This does not require their dismissal, however.

Plaintiff argues that, because Ms. Speer never became a "participant" under the Plan before her death, the estate is neither a "participant" nor a "beneficiary," and, for that reason, an ERISA claim could not be brought.  However, a cause of action under ERISA is "available to any former employee who has a colorable claim to benefits which the employer promised to provide pursuant to the employment relationship and which a nonfrivolous argument suggests have accrued to the employee."  Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 791 (7th Cir. 1996) (citing Willett v. Blue Cross & Blue Shield, 953 F.2d 1335, 1342-43 (11th Cir. 1992) (plaintiff was "participant' because

he "anticipated receiving plan benefits and was entitled to prompt notice of any disruption in the commencement of his anticipated plan benefits"); Vartanian v. Monsanto Co., 14 F.3d 697, 703 (1st Cir. 1994) (plaintiff who "would have been entitled to greater benefits but for employer's breach of fiduciary duty" was participant for standing purposes); Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1221 (5th Cir.) ("employer should not be able through its own malfeasance to defeat the employee's standing"), cert denied, 506 U.S. 820 (1992)).

Plaintiff alleges that Ms. Speer had anticipated receiving plan benefits because, upon her enrollment in the Guardian plan, Wellstone deducted the premiums from Ms. Speer's paychecks and gave her no indication that she needed to submit any further documentation to effectuate coverage under the Plan. Upon her death, however, Guardian denied claims to the insurance for the reason that Ms. Speer was not eligible under the Plan because she had failed to submit evidence of insurability as requested. Plaintiff alleges that Wellstone never informed Ms. Speer that she needed to submit any additional information for coverage. Plaintiff's contention that Wellstone did not inform Ms. Speer that she was not eligible for coverage unless she submitted proof of insurability is, in fact, a contention that the insurance benefits should have accrued but for Wellstone's alleged ERISA violations. For these reasons, we conclude that Ms. Speer was a "participant" under the statutory definition and that Plaintiff has alleged a colorable claim under ERISA § 502(a).

Wellstone contends that a finding that Plaintiff's claims are preempted by ERISA

necessitates the dismissal of Plaintiff's negligence claim because that claim does not provide a separate basis for liability under ERISA. However, "the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal." Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073 (7th Cir. 1992). At this juncture, we find that the facts alleged could, under the favorable standard applied to Rule 12(b)(6) motions, state a plausible claim for relief under ERISA § 502(a). While the limitations on damages available under ERISA may wipe out a significant portion of what Plaintiff was seeking to recover in this action, we can say nothing more specific about that at this stage in the litigation. Accordingly, we DENY Defendant's Motion to Dismiss. Plaintiff now must decide whether he wishes to proceed with his case under ERISA consistent with this opinion.

For the reasons detailed in this entry, we DENY AS MOOT Defendant's Motion for More Definite Statement and DENY Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Date: _____03/31/2010_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Brian E. Clare
sapplegate@600mainlaw.com

Jason D. Fisher
WALLER LANSDEN DORTCH & DAVIS LLP
jason.fisher@wallerlaw.com

John E.B. Gerth
WALLER LANSDEN DORTCH & DAVIS LLP
jeb.gerth@wallerlaw.com


Mark Warfield Peters
WALLER LANSDEN DORTCH & DAVIS LLP
mark.peters@wallerlaw.com

Jeri Barclay Poppe
KRAUSER & BROWN
jbarclay@krauserbrown.com